UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOAN CAMILO CASTILLO-
CASTILLO,

    Plaintiff,

v.      Case No: 8:24-cv-1177-CEH-AEP

UNITED STATES OF AMERICA,

    Defendant.

## SEALED ORDER

This matter comes before the Court on Movant Joan Camilo Castillo-Castillo's Motion to Withdraw Plea and/or Specific Performance of Plea Agreement (Doc. 1), which the Court construes as a collateral motion pursuant to 28 U.S.C. § 2255. Upon consideration, it appears that the construed § 2255 motion is due to be dismissed as time-barred. The Court therefore provides the parties with notice and an opportunity to be heard on that issue.

## BACKGROUND

Castillo was arrested in 2017 in a maritime narcotics interdiction case. On December 19, 2017, he entered into an agreement to plead guilty to one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. (cr Doc. 37). His plea agreement stated, in relevant part,

> *The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation* and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

*Id.* at 5 (emphasis added). On April 11, 2018, Castillo was sentenced to 120 months' imprisonment, which was within the guidelines range of 120 to 135 months. (cr. Doc. 85; cr Doc. 86 at 1-2). The Government did not request a sentence below the mandatory minimum because of substantial assistance or the statutory safety valve, *id.* at 3, nor has it filed a Rule 35 motion since Castillo was sentenced.

Castillo moved to withdraw his plea, or, in the alternative, for specific performance of his plea agreement. Doc. 1. He explained that he provided information to the Government that led to the arrest and conviction of two individuals, whom he identifies as Camillo Espance and Chinche LNU. *Id.* at 1. Castillo understood his plea agreement to obligate him to provide this information. *Id.* Despite his compliance, however, the Government failed to inform this Court of the nature and substance of his cooperation. *Id.* at 2. Asserting that the Government has breached the plea bargain contract, Castillo sought withdrawal of his plea or specific performance by the Government. *Id.* at 2-3. He also requested an evidentiary hearing. *Id.* at 3.

The Government responded in opposition, construing his motion as a motion to compel it to move to reduce his sentence pursuant to Rule 35. (cr Doc. 121). It first argued that the motion was procedurally deficient because a defendant cannot

2

withdraw his plea outside of a direct appeal or a collateral attack. *Id.* at 2. Responding to the merits, the Government asserted that it was unable to locate any assistance Castillo provided to law enforcement relating to past or current cases, nor to find any arrest and conviction history for the individuals he named in his motion. *Id.* at 2. According to a post-arrest statement Castillo made on August 31, 2017, and a proffer statement he made on October 5, 2017, he identified the two names as the same individual, by the name of Espana rather than Espance. *Id.* The Government further stated that the only assistance Castillo provided was to give the name of his Colombian handler. *Id.* at 3.

In reply, Castillo alleged that providing the name of his Colombian handler led to that individual's arrest, which then led to that individual's provision of additional information that resulted in additional arrests and convictions. (cr. Doc. 122 at 1). Yet, despite the promise of his plea agreement, Castillo received no benefit. *Id.* He argued that the contract must therefore be voided. *Id.* at 1-2.

The Court issued a Sealed Order in the criminal case on October 30, 2023 ("the October 30 Order"). (cr Doc. 131). The October 30 Order observed that the relief Castillo-Castillo requested in his Motion to Withdraw Plea is cognizable in a collateral motion pursuant to 28 U.S.C. § 2255. *See* Doc. 131 at 6, citing *U.S. v. Al-Arian*, 514 F.3d 1184, 1191 (11th Cir. 2008); *see also U.S. v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) ("Federal courts are obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework."). Before

recharacterizing a *pro se* motion as an initial § 2255 motion, however, this Court was required to "notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." Doc. 131 at 6-7, quoting *Castro v. U.S.*, 540 U.S. 375, 383 (2003).  The October 30 Order provided Castillo-Castillo the requisite notice and opportunity to amend, supplement, or withdraw his motion.  The Order also directed him to provide additional information about his claim and address whether it is untimely. (cr Doc. 131 at 7).

Castillo-Castillo did not respond in any form to the October 30 Order.  The Court therefore construed his Motion to Withdraw as a § 2255 motion and directed the Clerk to open a new civil action based upon the construed § 2255 motion. (cr Doc. 143).  To the extent Castillo-Castillo instead sought to compel the Government to file a motion to reduce his sentence, the Court found that the motion was due to be denied. *Id.* at n.1.

## DISCUSSION

It appears that Castillo-Castillo's construed § 2255 motion is due to be dismissed as time barred.  The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations for filing a § 2255 motion to vacate or correct sentence. 28 U.S.C. § 2255(f).  Under section 2255(f)(1), the limitations period begins to run from "the date on which the judgment of conviction becomes final."  If a

4

defendant does not appeal, his conviction becomes final upon the end of the period for filing a timely notice of appeal, or 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). Castillo-Castillo's judgment of conviction became final on April 26, 2018—when the 14-day time frame for filing a direct appeal had passed.  Therefore, he should have filed his Section 2255 motion by April 26, 2019.  Castillo-Castillo has provided no basis for tolling the time period for filing a § 2255 motion or for determining that an alternate date for commencement of the limitations period should be applied under 28 U.S.C. § 2255(f)(2)-(4).  It therefore appears that his motion, filed on July 15, 2021, is untimely by more than two years. *See Dodd v. United States*, 545 U.S. 353, 358–59 (2005) (affirming that untimely Section 2255 motion was barred); *see also Williams v. United States*, 383 F. App'x 927, 929–30 (11th Cir. 2010) (one-year limitation applies to all claims under Section 2255).

The Court exercises its discretion to raise the issue of timeliness *sua sponte*.  It is well-settled that a response from the Government is not required to resolve a § 2255 motion. *See* Rule 4(b), Rules Governing Section 2255 Proceedings ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the movant is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").  Moreover, this Court is permitted to consider, *sua sponte*, the timeliness of a habeas petition even if the issue is not raised by the Government, as long as it provides both parties with notice and an opportunity to be heard. *See Day v. McDonough*, 547 U.S. 198, 209-210 (2006) (where Government

5

responded to § 2254 petition without raising timeliness issue, district court was permitted, though not obliged, to consider it *sua sponte*); *Paez v. Sec'y, Fla. Dep't of Corrections*, 947 F.3d 649, 653-55 (11th Cir. 2020) (Rule 4 permits court to *sua sponte* dismiss § 2254 petition on timeliness grounds as long as it gives the parties notice and an opportunity to be heard).

The Court therefore notifies the parties that it intends to dismiss the construed § 2255 motion as time-barred because it was filed outside the one-year statute of limitations. Castillo-Castillo may file a response addressing why his motion is timely; the Government may notify the Court that it believes the motion is timely or that it intends to waive the timeliness defense. The response from either party must be filed within sixty days from the date of this Order. The failure to timely respond will result in the dismissal of this motion as time barred, without further notice.

Accordingly, it is **ORDERED**:

1. To the extent the parties wish to be heard on the Court's intent to dismiss the construed § 2255 motion as time barred, they may file a response within SIXTY (60) DAYS from the date of this Order. The failure to timely respond will result in the dismissal of the motion as time barred, without further notice.

**DONE** and **ORDERED** in Tampa, Florida on May 15, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to: Counsel of Record; Unrepresented Parties